IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODNEY CAMPBELL, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CV-914-B |
| | ) | ECF |
| DALLAS JAIL MEDICAL STAFF, ET AL., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Nature of the Case:**

Plaintiff brings this complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *in forma pauperis*.

**II. Parties:**

Plaintiff was confined in the Dallas County Jail when the events in his complaint occurred. Defendants are Dallas County Jail Nurses Laci, Thad, Ron, Eniola and Ester.

**III. Statement of the Case:**

Plaintiff alleges he received inadequate medical treatment for a skin infection. He states that on February 8, 2008, he was treated for an infection and received fourteen days of medication. After fourteen days, his skin began itching in the same spot as his prior infection.

He saw Defendant Laci for treatment. He states she gave him a band-aid but offered no other treatment. On March 9, 2008, he saw Defendant Thad, but he states Defendant Thad did not make him an appointment to see a doctor. On March 14-16, 2008, Plaintiff was treated by doctors at Parkland hospital. On March 30, 2008, Plaintiff saw Defendant Roy because his wound was leaking. Plaintiff states Defendant Roy gave him gauze and cream, but did not examine his wound. Plaintiff states that on September 9, 12, 13, 14, and 16, 2008, Defendants Eniola and Ester negligently failed to give him the night-time dose of the medicine prescribed by doctors at Parkland Hospital.

### IV.  Preliminary Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court finds Plaintiff's claims should be dismissed as frivolous.

## V. Discussion

For an inmate to establish a § 1983 claim of deliberate indifference to a serious medical need, he must allege a deprivation of medical care sufficiently serious to show that the state has abdicated a constitutionally-required responsibility to attend to his medical needs, and that the prison officials knew of and disregarded an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). The deliberate indifference must rise to a level of unnecessary and wanton infliction of pain proscribed by the Eight Amendment. *Id*. at 835-47. Negligence, unsuccessful medical treatment, or medical malpractice does not give rise to a § 1983 cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999); *see also Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (finding disagreement as to the correct medical treatment does not constitute an actionable civil rights claim).

Plaintiff's claims in this case do not rise to the level of a constitutional violation. Plaintiff states he was examined by doctors at Parkland Hospital, he received medication for his infections, and he received gauze and ointment for the infection. Plaintiff's statements show that he received treatment for his skin infection. Although he may have wanted more or different treatment, he has not stated a violation of his constitutional rights. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Plaintiff's complaint should be dismissed.

**RECOMMENDATION**

The Court recommends that Plaintiff's claims pursuant to 42 U.S.C. § 1983 be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Signed this 18th day of February, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).